IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| OFELIA FISCAL FISCAL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF HOMELAND ) <br> SECURITY; ELAINE C. DUKE, in her ) <br> capacity as Acting Secretary of the United ) <br> States Department of Homeland Security; L. ) <br> FRANCIS CISSNA, in his capacity as ) <br> Director of United States Citizenship and ) <br> Immigration Services; RON ROSENBERG, ) <br> in his capacity as Chief Officer of the ) <br> Administrative Appeals Office; LAURA B. ) <br> ZUCHOWSKI, in her capacity as Center ) <br> Director of the United States Citizenship ) <br> and Immigration Services' Vermont Service ) <br> Center, ) <br> ) <br> Defendants. ) | **COMPLAINT** <br><br> Civil Action Number: 1:17-cv-1024 |

## **PRELIMINARY STATEMENT**

This is an action brought by Plaintiff, Ofelia Fiscal Fiscal ("Plaintiff"), against the above-captioned Defendants for their arbitrary and capricious action of miscalculating the six-month deadline to submit evidence in support of a U visa application, contravening all established legal principles relating to the calculation of time limits, and thus Plaintiff alleges as follow:

1. On August 18, 2011, the Plaintiff applied for a "U visa." The U visa is an immigration benefit that can be sought by victims of certain crimes who are currently

assisting or have previously assisted law enforcement in the investigation or prosecution of a crime, or who are likely to be helpful in the investigation or prosecution of criminal activity.

2. On August 18, 2011, the Plaintiff filed a U visa application with the United States Citizenship and Immigration Services ("USCIS"), using USCIS Form I-918 "Petition for U Nonimmigrant Status" ("Form I-918"), as required under 8 C.F.R. § 214.14(c)(1).

3. A U visa application must be accompanied by a law enforcement certification, USCIS Form I-918, Supplement B, U Nonimmigrant Status Certification ("Form I-918B"). Form I-918B must be signed by a law enforcement officer and also state that: a qualifying crime occurred, the victim has information about the criminal activity, and that the victim is being helpful, or is likely to be helpful to the investigation.

4. Pursuant to 8 C.F.R. § 214.14(c)(2)(i), Form I-918B must be signed *within the six months immediately preceding the filing of Form I-918* (emphasis added).

5. On February 18, 2011, the Burlington Police Department completed and signed Form I-918B for the Plaintiff. A copy of Plaintiff's Form I-918B is attached hereto as Exhibit A.

6. The United States Customs and Immigration Service's Vermont Service Center ("VSC") through its Center Director, Defendant Laura B. Zuchowski (hereafter, "Defendant Zuchowski"), acknowledged receipt of Plaintiff's U visa application, or Form I-918, together with the requisite Form I-918B, on August 18, 2011. (*See* Exhibit B).

7. Accordingly, law enforcement completed Plaintiff's Form I-918B, on <u>February 18, 2011</u>, and the VSC acknowledged its receipt on <u>August 18, 2011</u>, exactly six months after the Burlington Police Department signed Form I-918B.

8. Despite the foregoing, on December 2, 2016, more than five years after Plaintiff applied for a U visa, the VSC, through the decision of Defendant Zuchowski, denied Plaintiff's visa application on the grounds that Plaintiff untimely submitted Form I-918B. A copy of Plaintiff's Denial Notice is attached hereto as <u>Exhibit</u> B. Defendant Zuchowski determined that Plaintiff failed to submit Form I-918 within the six months or, more specifically, *<u>six months minus one day</u>* immediately preceding the signing of Form I-918B. <u>See</u> <u>Exhibit</u> B.

9. On December 19, 2016, Plaintiff filed a Motion to Reconsider (the "Motion to Reconsider") with USCIS VSC.

10. On February 2, 2017, Defendant Zuchowski <u>dismissed</u> Plaintiff's Motion to Reconsider. Defendant Zuchowski's Notice of Dismissal is attached hereto as <u>Exhibit</u> C.

11. Plaintiff then appealed the decision of the VSC on February 27, 2017, and said Service Center forwarded the appeal to the USCIS Administrative Appeals Office ("AAO").

12. On September 17, 2017, Defendant Ron Rosenberg notified Plaintiff that the AAO dismissed her appeal constituting final agency action. Defendant Rosenberg's Notice of Dismissal is attached hereto as <u>Exhibit</u> D.

13. Defendants' actions are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. Accordingly, their erroneous interpretation of the applicable regulation amounts to a violation of the Administrative Procedures Act ("APA").

## JURISDICTION

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as a civil action arising from the Constitution, laws or treaties of the United States. Under the APA, a court may review agency action found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A). In addition, Plaintiff may seek declaratory judgment in a civil action in accordance with 28 U.S.C. §§ 2201 and 2202.

## VENUE

15. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (e). A substantial part of the events or omissions giving rise to the claim occurred in the jurisdiction of this district since Plaintiff resides in this jurisdiction. 28 U.S.C. §§ 1391(b)(2) & (e)(1). Additionally, venue is proper because Defendants are agencies of the United States, and their officers are sued in their official capacity. 28 U.S.C. § 1391(e)(1).

## PARTIES

16. Plaintiff, Ofelia Fiscal Fiscal, is a citizen of Mexico, who currently, and at all times relevant, resides or resided in Burlington, County of Alamance, North Carolina.

17. Defendant, Laura B. Zuchowski ("Defendant Zuchowski"), is the Director of the United States Citizenship and Immigration Services' Vermont Service Center (VSC). The VSC initially denied Plaintiff's U visa application, and subsequently affirmed its decision, incorrectly implementing the calculation of the regulatory six-month period. She is sued in her official capacity.

18. Defendant, Ron Rosenberg ("Defendant Rosenberg"), is the Chief Officer of the United States Citizenship and Immigration Services Administrative Appeals Office (AAO). Defendant Rosenberg dismissed Plaintiff's appeal and upheld the VSC's decision and reasoning. He is sued in his official capacity.

19. Defendant Elaine C. Duke ("Defendant Duke") is the Acting United States Secretary of Homeland Security. All authorities and functions of the Defendant DHS to administer and enforce the immigration laws are vested in Defendant Duke. 8 C.F.R. § 2.1. She is sued in her official capacity.

20. Defendant, L. Francis Cissna ("Defendant Cissna") is the Director of USCIS. The USCIS director establishes national immigration services policies and procedures. 6 U.S.C. § 271(a)(3)(D). He is sued in his official capacity.

21. Defendant, United States Department of Homeland Security (DHS) ("Defendant DHS"), is an executive department of the United States. 6 U.S.C. § 111(a). Defendant DHS is charged with enforcing and administering the immigration laws.

## I. FACTUAL ALLEGATIONS

**A. Plaintiff's U visa Application**

22. On July 13, 2010, the Plaintiff suffered a break-in at her home in Burlington, North Carolina during which she was assaulted.

23. Plaintiff contacted the Burlington Police Department for assistance. Sometime after the crime occurred, Plaintiff learned that she might be eligible for a U visa and began the process of applying.

24. A U visa is available to an alien who (i) has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity; (ii) possesses information concerning criminal activity; (iii) has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting criminal activity; and (iv) the criminal activity violated the laws of the United States or occurred in the United States (including in Indian country and military installations) or the territories and possessions of the United States. 8 U.S.C. § 1101 (a)(13)(U).

25. DHS has promulgated regulations relating to the application procedures to be followed by an alien applying for a U visa. First, the application must be submitted in Form I-918. 8 C.F.R. § 214.14(c)(1). Second, one of the evidentiary requirements for a U visa is that the applicant must submit Form I-918B signed by a law enforcement certifying official

within six months immediately preceding the filing of Form I-918. 8 C.F.R. § 214.14(c)(2)(i).

26. Plaintiff obtained Form I-918B from the Burlington Police Department. Said law enforcement agency signed Form I-918B on February 18, 2011. See Exhibit A.

27. On August 17, 2011, Plaintiff submitted her U visa application, Form I-918, with the required Form I-918B signed by the Burlington Police Department.

28. The VSC does not dispute that it received Plaintiff's application on August 18, 2011, exactly six months after the Burlington Police Department signed the certification. See Exhibit B.

29. It took almost six years for the VSC to deny Plaintiff's application for a U visa. On December 2, 2016, Defendant Zuchowski informed Plaintiff of the VSC's decision stating that Plaintiff's initial U visa application "was not accompanied by a properly executed Form I-918, Supplement B." See Exhibit B.

30. In her December 2, 2016 denial notice, Defendant Zuchowski contended that Plaintiff's Form I-918B was deficient because the certifying agency must sign Form I-918B within "six months minus one day" immediately preceding the filing of the U visa application. The notice of denial lacked any legal justification for applying a "six months minus one day" rule or an explanation of how it calculated said period.

31. Defendant Zuchowski expressly stated in the denial notice that USCIS did not note any other deficiencies in Plaintiff's petition. See Exhibit B at p. 3.

32. On December 19, 2016, Plaintiff filed a Motion to Reconsider with the VSC, arguing that VSC made errors of law and fact in its denial. In her Motion, Plaintiff stated that the VSC incorrectly applied a "six months minus one day" rule, and that VSC erred in including the day of filing in the calculation of said time period. Plaintiff further argued that VSC's interpretation of the regulation (i) contradicted the plain meaning of the regulation; (ii) ignored established jurisprudence as to how to calculate time; and (iii) violated the DHS's own prior interpretations of the rule.

33. On February 2, 2017, Defendant Zuchowski dismissed Plaintiff's Motion to Reconsider. The notice of dismissal failed to address the Plaintiff's legal arguments and lacked any legal justification for how the VSC computed the six-month validity of Plaintiff's Form I-918B. Defendant Zuchowski addressed Plaintiff's arguments simply stating that "to meet the within six months minus one day requirement, [Plaintiff's] Form I-918 petition needed to be receipted by August 17, 2011." See Exhibit C at p. 2.

34. On February 27, 2017, Plaintiff appealed Defendant Zuchowski's decision to dismiss her Motion to Reconsider to the AAO in accordance with 8 C.F.R. § 130.5(a)(5).

35. On September 15, 2017, Defendant Rosenberg, in his capacity as Chief Officer of the AAO, dismissed Plaintiff's appeal, adhering to the VSC's decision to recognize the requisite filing period for Form I-918B as six months minus one day and inappropriately counting the day of filing in the calculation of said filing period. See Exhibit D at p. 2.

36. In said dismissal, Defendant Rosenberg stated that Plaintiff did not establish that "she provided initial evidence as required by statute and applicable regulations." Defendant

Rosenberg's only reference to Plaintiff's legal arguments stated that "although [Plaintiff] refers to legal decisions in other types of proceedings, she has not established that the Director's finding regarding the submission of Supplement B was in error."

**B. Established Methodology for Calculating Time Periods**

37. The decisions of Defendants Zuchowski and Rosenberg deviate from the well-established methodology for calculating time. The Federal Rules of Civil Procedure, for example, state that when computing any period of time specified by the rules, court order, or statute that does not provide a method for computing time, the day of the act or event that triggers the calculation of the time period is excluded. See Fed. R. Civ. P. 6(a)(1)(A)(emphasis added).

38. In construing the statute of limitations under the Truth in Lending Act, which states that any action may be brought "within one year" from the date of the violation, Judge Ward of the Middle District of North Carolina Court ruled that including the date of the violation in calculating the one-year deadline deviates from the Rules of Civil Procedure and is therefore erroneous. Gammons v. Domestic Loans of Winston-Salem, Inc., 423 F. Supp. 819, 822 (M.D.N.C. 1976).

39. The Fourth Circuit Court of Appeals addressed the issue in its calculation of a one-year period of limitation to file for relief under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which required that a detainee whose conviction occurred prior to AEDPA's enactment must file a petition for habeas corpus "within one year of AEDPA's enactment." Hernandez v. Caldwell, 225 F.3d 435, 436 (4th Cir.

2000). Hernandez's one-year limitation period began on April 24, 1996, and the Court held that April 24, 1997, was the last day of the one-year period. Id. at 439.

40. The Executive Office of Immigration Review's Practice Manual provides yet another example. When a filing is due within a specific period of time following an Immigration Judge's decision, the day the Immigration Judge renders an oral decision or mails a written decision counts as "day 0." The next day counts as "day 1." United States Department of Justice, Immigration Court Practice Manual, 42 (Dec. 2016) *available at* https://www.justice.gov/sites/default/files/ pages/attachments/2017/11/02 /practicemanual.pdf.

41. Furthermore, the DHS's own resource guide states that "an application or petition must be submitted within six months <u>after</u> Form I-918B certification has been signed by law enforcement. United States Department of Homeland Security, U and T Visa Law Enforcement Resource Guide, 25, *available at* https://www.dhs.gov/sites/default/files/publications/U-and-T-Visa-Law-Enforcement-Resource%20Guide_1.4.16.pdf (emphasis added). The guide also explains that Form I-918B expires six months <u>after</u> the certifying official signs the form." Id. at 25-26 (emphasis added).

42. Finally, in a December 18, 2014 non-precedential decision by Defendant Rosenberg, the AAO explained that when a U visa application was submitted on October 22, 2012, Form I-918B "could not have been signed any earlier than April 22, 2012."

43. This previous interpretation of 8 C.F.R. § 214.14(c)(ii) by Defendants, and the methodology applied by jurisprudence to calculate time limits, show that they applied a different standard to the Plaintiff's U visa application and to the validity period of Form I-918B without any legal justification, amounting to an arbitrary and capricious abuse of discretion that is not in accordance with the law.

## II. **CLAIM FOR RELIEF: VIOLATION OF THE APA**

44. The allegations in the preceding paragraphs 1 through 43 to this Complaint are restated and incorporated by reference as if fully set forth herein.

45. DHS is an agency within the meaning of the APA.

46. Under the APA, final agency action is subject to judicial review when there is no adequate remedy in a court. 5 U.S.C. § 704.

47. Defendant Rosenberg's decision at the AAO to affirm the VSC's new and incorrect form of counting months for purposes of computing the validity of Form I-918B constitutes final agency action for purposes of the APA.

48. Defendant Rosenberg's and Defendant Zuchowski's departure from the agency's prior interpretations of 8 C.F.R. § 214.14(c)(ii) is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law as it contravenes established principles in jurisprudence and the plain meaning of the unambiguous regulation.

49. Plaintiff has been irreparably harmed by Defendants' unlawful actions because Defendants denied Plaintiff's visa solely as a result of their erroneous calculation.

## III. ATTORNEY FEES AND COSTS PURSUANT TO 28 U.S.C. § 2412

50. The allegations in the preceding paragraphs 1 through 49 to this Complaint are restated and incorporated by reference as if fully set forth herein.

51. Pursuant to the Equal Access to Justice Act ("EAJA"), unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to costs to the prevailing party, in any civil action brought against any agency or any official of the United States acting in his or her official capacity. 28 U.S.C. § 2412(b).

52. The EAJA states that a court shall award to a prevailing party fees and other expenses incurred by that party in any civil action, including proceedings for judicial review of agency action, brought against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C.A. § 2412(d)(1)(A).

53. The Defendants' denial of Plaintiff's U visa application is arbitrary, capricious, and violates the applicable law. At no point did the Defendants provide any legal basis or rationale for their erroneous interpretation of 8 C.F.R. 214.14(c)(ii). Accordingly, their denials are without justification.

54. Consequently, the Plaintiff is entitled to recover attorneys' fees under the provisions of the EAJA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Enter an order finding that this Court has jurisdiction over Plaintiff's claims;

2. Declare that Defendants actions violated the APA, as well as the applicable regulations and court precedent;

3. Review the denial of the U visa petition and order Defendants to re-adjudicate the application for a U visa in accordance with the law;

4. Enjoin the agency from applying the incorrect legal standard to the calculation of the validity period of Form I-918B in future applications;

5. Award Plaintiff reasonable attorneys' fees under 28 U.S.C. § 2412; and

6. Grant such other and further relief as this Court deems just, fair and proper.

This the 9th day of November, 2017.

Respectfully submitted,
NORTH CAROLINA JUSTICE CENTER

/s/ Raul A. Pinto
Raul A. Pinto, NCSB No. 42310
224 S. Dawson Street (27601)
P.O. Box 28068
Raleigh, NC 27611
Tel. No. (919) 861-1469
Fax No. (919) 856-2175
Email: raul@ncjustice.org.

/s/ Emily P. Turner
Emily P. Turner, NCSB No. 49578
224 S. Dawson Street (27601)
P.O. Box 28068
Raleigh, NC  27611
Telephone: (919) 861-2073
Fax No. (919) 856-2175
Email: emilyt@ncjustice.org

*Counsel for Plaintiff Ofelia Fiscal Fiscal*